IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50376
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NOE MEDRANO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-00-CR-81-2
--------------------
October 4, 2002

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Noe Medrano has appealed his conviction and sentence for conspiracy to possess with intent to distribute at least 50 kilograms of marijuana. Medrano contends that the evidence was insufficient to show that he knowingly participated in the conspiracy because it established only that he associated with members of the conspiracy and that he was present when marijuana was seized. Because Medrano never moved the district court for judgment of acquittal, we review this issue for plain error. See

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States v. McCarty, 36 F.3d 1349, 1358 (5th Cir. 1994) (citing United States v. Pierre, 958 F.2d 1304, 1310 (5th Cir.) (en banc)). Under the plain-error standard, the conviction must be affirmed unless it will result in a manifest miscarriage of justice. McCarty, 36 F.3d at 1358. "'Such a miscarriage would exist only if the record is devoid of evidence pointing to guilt, or . . . because the evidence on a key element of the offense was so tenuous that a conviction would be shocking.'" Id. (quoting Pierre, 978 F.2d at 1310).

In addition to circumstantial evidence presented showing Medrano's knowing involvement in the conspiracy, the Government presented testimony of a co-conspirator, Gilberto Guajardo, that Medrano was the intended purchaser of the marijuana. Although Medrano argues that Guajardo's testimony is "incredible on its face," this court must view the evidence in the light most favorable to the Government and must give the Government the benefit of all reasonable inferences and credibility choices. See United States v. Galvan, 949 F.2d 777, 783 (5th Cir. 1991). Medrano has not shown that his conviction resulted in a manifest miscarriage of justice.

Medrano contends that the district court's drug-quantity determination, for purposes of calculating Medrano's base offense level under U.S.S.G. § 2D1.1©), was clearly erroneous, as the district court was misinformed about Guajardo's trial testimony regarding the number of his prior drug transactions with Medrano.

Guajardo concedes that he would still be subject to the same base offense level under the most conservative construction of Guajardo's trial testimony, which the district court credited. Accordingly, any error on the part of the district court was harmless. There is no reason to believe that the district court would impose a different sentence on remand. See Williams v. United States, 503 U.S. 193, 203 (1992) (harmless-error review). The conviction and sentence are

AFFIRMED.